**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: AMPLIFYBIO, LLC**,

1425 NE Plain City-Georgesville Road
West Jefferson, OH 43162

**DEBTOR**,

CASE NO. 2:25-bk-52140

JUDGE MINA NAMI KHORRAMI

CHAPTER 11 VOLUNTARY PETITION

---

**TESSA BAKER**,

181 High Tides, Apartment 204
Columbus, OH 43235

and,

**ELIZABETH PERRY**,

974 South Ohio Avenue
Columbus, OH 43206

**PLAINTIFFS**,

v.

**AMPLIFYBIO, LLC**,

C/O Statutory Agent
Paracorp Incorporated
4568 Mayfield Road #204
Cleveland, OH 44121

and,

**BATTELLE MEMORIAL INSTITUTE**,

C/O Statutory Agent
Russell P. Austin
505 King Avenue
Columbus, OH 43201

ADV. PRO. NO.

and,

**VIKING GLOBAL INVESTORS LIMITED PARTNERSHIP**,

C/O Statutory Agent
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

and,

**CASDIN CAPITAL PARTNERS, LLC**,

1350 Avenue of the Americas, Suite 2600
New York, NY 10019

and,

**NARYA CAPITAL MANAGEMENT, LLC**,

C/O Statutory Agent
Taft Service Solutions Corp.
425 Walnut Street, Suite 1800
Cincinnati, OH 45202

**DEFENDANTS**.

**CLASS ACTION COMPLAINT IN AN ADVERSARY PROCEEDING**

# TABLE OF CONTENTS

**I. NATURE OF THE CLAIMS** .......... 1

**II. JURISDICTION** .......... 3

**III. PARTIES** .......... 4

- **A. The Plaintiffs** .......... 4
- **B. The Defendants** .......... 5

**IV. FACTS** .......... 6

- **A. AmplifyBio is Created as a Spinoff** .......... 6
- **B. Defendants Order AmplifyBio to File for Bankruptcy** .......... 7
- **C. Defendants Order AmplifyBio to Violate the WARN Act** .......... 9

**V. CLASS ACTION ALLEGATIONS** .......... 10

**VI. CLAIMS FOR RELIEF** .......... 13

- **COUNT I** .......... 13
- **COUNT II** .......... 14
- **COUNT III** .......... 15

**VII. PRAYER FOR RELIEF** .......... 16

**VIII. JURY DEMAND** .......... 16

## I. NATURE OF THE CLAIMS

1. This matter is a class action in an adversary proceeding seeking to recover for systemic violations of the federal Worker Adjustment and Retraining Notification Act of 1988 (the “WARN Act”), and for related state law claims.

2. AmplifyBio, LLC is a biotechnology firm that Battelle Memorial Institute launched as a spinoff on May 3, 2021. The firm focuses on research and development of cell and gene therapies. As a spinoff, AmplifyBio, LLC operated on the main campus for Battelle Memorial Institute, which is in West Jefferson, Ohio. Battelle Memorial Institute and outside investors—in this case, the other defendants in this adversary proceeding—exercised de facto and de jure control over AmplifyBio, LLC (a)) by having their principals serve on the company’s board of directors and/or (b) by owning Class A voting shares of the company. For instance, Battelle Memorial Institute’s President and Chief Executive Officer, Lewis Von Thaer, served on the board. So, too, did Matt Vaughn, who is President of Applied Science and Technology at Battelle Memorial Institute. Additionally, to protect their investment and exercise control, Viking Global Investors Limited Partnership placed one of its managing directors, Rohan Nirody, on the board of AmplifyBio, LLC. Similarly, Casdin Capital Partners, LLC placed its Director of Life Science Research, Shaun Rodriguez, on the board. Finally, all the defendants owned Class A voting shares in AmplifyBio, LLC giving them control.

3. On or before April 4, 2025, however, the board of directors at AmplifyBio, LLC—at the order of the other defendants in this adversary proceeding—opted to permanently close all operations of AmplifyBio, LLC and lay off all 212 remaining employees. They then sent termination letters to these 212 affected employees on April 4, 2025 telling them that their employment was ending immediately. The letters also addressed the WARN Act by admitting

that it applied to this situation because, with 212 affected employees, the defendants exceeded the threshold for a "plant closing" under the statute. Because there was a "plant closing" under the WARN Act, the defendants should have provided all 212 affected employees sixty days of advance notice or sixty days of pay-in-lieu-of-notice. The defendants here, by sending same-day termination letters to all 212 employees, provided neither. Instead, according to their letter, the defendants claimed they were allegedly entitled to assert the "faltering company" defense.

4. This "faltering company" defense in no way applied to the facts of this case. It is a limited exception under the WARN Act construed strictly against the employer. It only applies where (a) the employer is actively seeking capital or business at the time WARN Act notice is due; (b) there was a realistic opportunity to obtain such financing or business; (c) the financing or business, if obtained, would have prevented the plant closing; and (d) the employer reasonably and good faith believed that providing WARN Act notice would have precluded the ability to obtain the financing or business. None of these conditions were satisfied here.

5. Moreover, the defendants here overlooked the "single employer doctrine" under the WARN Act that completely and conclusively defeats the "faltering company" defense. As federal courts have held, under the WARN Act, companies that exercise de facto control over the company conducting the plant closing can be considered a "single employer" with that company. Here, the other defendants in this adversary proceeding fit that scenario. They placed their key officers or directors on the board of AmplifyBio, LLC or had Class A voting shares, they thereby controlled the company, and they ordered the plant closing. As federal courts have noted, the consequence of the other defendants being a "single employer" with AmplifyBio, LLC is that their assets are also aggregated to analyze whether AmplifyBio, LLC was truly a "faltering company." If that is done here, as it should be, AmplifyBio, LLC was in no way a "faltering

company." Battelle Memorial Institute and the other defendants had more than enough money to continue operating AmplifyBio, LLC—they just did not want to spend that money. Instead, they went looking for other investors or buyers. When they could not find any, they made a business decision not to spend their own money, but to instead order AmplifyBio, LLC to close all operations, fire all employees, and then declare bankruptcy. That was a business decision they were entitled to make since they controlled the company through seats on its board of directors or voting shares. But it did not entitle them to claim the "faltering company" exception to evade the protections of the WARN Act.

6. Plaintiffs Tessa Baker and Elizabeth Perry are two of those 212 affected employees who lost their jobs with AmplifyBio, LLC without any prior notice and who did not receive WARN Act pay-in-lieu-of-notice. They instead received termination letters on April 4, 2025 telling them they were fired immediately and that the defendants were claiming the WARN Act supposedly did not apply. Both plaintiffs deserved the advance notice required by the WARN Act so they could manage their affairs and mitigate the negative consequences of being abruptly laid off.

7. On May 16, 2025, AmplifyBio, LLC filed a voluntary petition for Chapter 11 bankruptcy in this Court. Accordingly, Plaintiffs have filed this putative class action as an adversary proceeding to obtain relief on pre-petition misconduct. They seek to recover for the harm they and others similarly situated have suffered.

## II. JURISDICTION

8. Pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over Plaintiff's claims against all defendants because those claims constitute a core proceeding.

9. Pursuant to 28 U.S.C. § 157(c) and 28 U.S.C. § 1334(b), and in the alternative, this Court has subject matter jurisdiction over Plaintiff's claims against Defendants Battelle Memorial Institute, Viking Global Investors Limited Partnership, Casdin Capital Partners, LLC, and Narya Capital Management, LLC because they are non-core proceedings that are otherwise related to a case under Title 11 of the United States Code.

10. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendants AmplifyBio, LLC, Battelle Memorial Institute, and Narya Capital Management, LLC because they have continuous and systematic contacts with the State of Ohio.

11. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendants Viking Global Investors Limited Partnership, and Casdin Capital Partners, LLC because: they transacted business in this state; they caused tortious injury by an act or omission in this state; they caused tortious injury in this state to Plaintiff by an act outside this state committed with the purpose of injuring Plaintiffs, when they might reasonably have expected that some person would be injured thereby in this state; and/or they purposefully availed themselves of the privilege of acting in Ohio, the causes of action arise out of their activities in Ohio, and the exercise of jurisdiction over them is reasonable.

## III. PARTIES

### A. The Plaintiffs

12. Plaintiff Tessa Baker ("Plaintiff Baker") is a natural person who is a resident of Franklin County, Ohio. She was employed by Defendant AmplifyBio, LLC as a Coordinator from January of 2023 until she was laid off on April 4, 2025.

13. Plaintiff Elizabeth Perry ("Plaintiff Perry") is a natural person who is a resident of Franklin County, Ohio. She was employed by Defendant AmplifyBio, LLC as a Coordinator from September of 2023 until she was laid off on April 4, 2025.

**B. The Defendants**

14. Defendant AmplifyBio, LLC ("Defendant AmplifyBio") is a limited liability company that formed in the State of Delaware and has its principal place of business in Franklin County, Ohio. It was owned, operated, and controlled by the other defendants in this adversary proceeding. Upon information or belief, the other defendants in this adversary proceeding were members of Defendant AmplifyBio, and, upon information or belief, they are residents of the State of Ohio, the State of Connecticut, the State of Delaware, and the State of New York. Plaintiffs otherwise do not know the identities, or states of citizenship, of any other members of Defendant AmplifyBio. Defendant AmplifyBio was a biotechnology firm, spun off from Defendant Battelle Memorial Institute, that focused on developing gene and cell therapies.

15. Defendant Battelle Memorial Institute ("Defendant Battelle") is a non-profit corporation that incorporated in the State of Ohio and has its principal place of business in the State of Ohio. Defendant Battelle is the largest independent non-profit applied science and technology organization in the world. It seeks to provide comprehensive scientific solutions to companies and government agencies in the areas of healthcare, industry, national security, infrastructure, and the environment. Defendant Battelle has owned and controlled Defendant AmplifyBio since the latter's inception in 2021.

16. Defendant Viking Global Investors Limited Partnership ("Defendant Viking") is a limited partnership that formed in the State of Delaware and has its principal place of business in Fairfield County, Connecticut. Plaintiffs do not know the identities, or states of citizenship, of

Defendant Viking's partners.  Defendant Viking is a Connecticut-based private equity firm that invests in and controls a variety of portfolio companies.  It has owned and controlled Defendant AmplifyBio as part of its portfolio since the latter's inception in 2021.

17.     Defendants Casdin Capital Partners, LLC ("Defendant Casdin") is a limited liability company that formed in the State of Delaware and has its principal place of business in New York County, New York.  Plaintiffs do not know the identities, or states of citizenship, of Defendant Casdin's members.  Defendant Casdin is a New York-based private equity firm that invests in and controls a variety of portfolio companies.  It has owned and controlled Defendant AmplifyBio as part of its portfolio since the latter's inception in 2021.

18.     Defendants Narya Capital Management, LLC ("Defendant Narya") is a limited liability company that formed in the State of Delaware and has its principal place of business in Franklin County, Ohio.  Plaintiffs do not know the identities, or states of citizenship, of Defendant Narya's members.  Defendant Narya is an Ohio-based private equity firm that invests in and controls a variety of portfolio companies.  It has owned and controlled Defendant AmplifyBio as part of its portfolio since the latter's inception in 2021.

## IV.     FACTS

### A.     AmplifyBio is Created as a Spinoff of Battelle

19.     On or about May 3, 2021, Defendant Battelle spun off Defendant AmplifyBio as a new company that would focus on the research and development of cell and gene therapies.

20.     As a spinoff of Defendant Battelle, Defendant AmplifyBio's headquarters were located on a thirty-acre plot of land within the former's main campus in West Jefferson, Ohio.

21.     Defendant Battelle retained de facto and de jure control over its spinoff by placing its key officers or directors on the board of directors for Defendant AmplifyBio.  Specifically,

Defendant Battelle's President and Chief Executive Officer, Lewis Von Thaer, serves on the board of directors for Defendant AmplifyBio. Additionally, Matt Vaughn, who is President of Applied Science and Technology at Battelle Memorial Institute, serves on the board of directors for Defendant AmplifyBio. Finally, Defendant Battelle also received 10,000,000 Class A units, or voting shares, of Defendant AmplifyBio.

22. As part of spinning off Defendant AmplifyBio, Defendant Battelle solicited and obtained other outside investors. These other outside investors included Defendant Viking, Defendant Casdin, and Defendant Narya.

23. As a condition of their investment, Defendants Viking, Casdin, and Narya received de facto and de jure control over Defendant AmplifyBio in one of or both of the following ways: (a) by having its principals serve on the board of directors for the company; and/or (b) by receiving Class A voting shares.

24. Specifically, Defendant Viking placed one of its managing directors, Rohan Nirody, on the board of directors for Defendant AmplifyBio. Defendant Casdin placed its Director of Life Science Research, Shaun Rodriguez, on the board of directors. Moreover, Defendant Viking received 6,250,000 Class A voting shares through the former's wholly owned subsidiary of KAVRA 14 LLC. Likewise, Defendant Casdin received 2,000,000 Class A voting shares through its subsidiary of Casdin Partners Master Fund, L.P. Finally, Defendant Narya received 500,000 Class A voting shares through its subsidiary of Narya Capital Fund I, L.P.

**B. Defendants Order AmplifyBio to File for Bankruptcy**

25. After the initial spinoff in May of 2021, Defendant AmplifyBio seemed to thrive. For instance, in the company's first year following the spinoff, it increased its staff, business, and areas of research and development. Moreover, in October of 2022, Defendant AmplifyBio

expanded into San Francisco, California by acquiring a lab and other assets from another biotech company. Then, in May of 2023, Defendant AmplifyBio announced it would expand in the greater Columbus region by investing approximately $150 million in a 350,000-square-foot facility in New Albany, Ohio. This investment would create 263 new jobs across this new facility and the company's headquarters in West Jefferson at the main campus for Defendant Battelle. Finally, Defendant AmplifyBio continued to obtain partnerships and investors of various types that allowed it to advance its business.

26. However, after some time, and specifically in the several months preceding April 4, 2025, Defendants were allegedly seeking additional capital from investors or outside financing for Defendant AmplifyBio's operations. When those efforts failed, Defendants Battelle, Viking, Casdin, and Narya ceased actively seeking capital or outside financing and instead sought a potential buyer for Defendant AmplifyBio. They were unsuccessful.

27. Defendants Battelle, Viking, Casdin, and Narya had ample resources available to them throughout this time to continue the operations of Defendant AmplifyBio without the need for additional capital from investors or outside financing. For instance, Defendant Battelle filed its last IRS Form 990 on August 6, 2024. In that filing, the company disclosed annual revenue of $12,464,254,229 and net income of $101,328,494. Similarly, the company disclosed net assets of $913,366,499. Additionally, Defendants Viking, Casdin, and Narya, as wealthy private equity companies, also had substantial revenue, net income, and net assets.

28. Simply put, Defendants Battelle, Viking, Casdin, and Narya could have used their own money to continue the operations of Defendant AmplifyBio. Instead, however, they sought other investors to pay for operations or to finance the operations through loans on which Defendant AmplifyBio would be liable rather than themselves.

29. When those efforts failed, Defendants Battelle, Viking, Casdin, and Narya, through their control of Defendant AmplifyBio's board of directors and/or their Class A voting shares, ordered the latter to file for bankruptcy. Specifically, on May 16, 2025, Defendant AmplifyBio's board of directors entered a resolution directing the company to file for bankruptcy. Among the individuals who signed this resolution were Rohan Nirody from Defendant Viking and Shaun Rodriguez from Defendant Casdin.

**C. Defendants Order AmplifyBio to Violate the WARN Act**

30. When Defendants Battelle, Viking, Casdin, and Narya ordered Defendant AmplifyBio to file for bankruptcy, they also ordered the following: (a) the layoff of all employees of Defendant AmplifyBio and (b) the closing of the company's two facilities in West Jefferson, Ohio and New Albany, Ohio. Both of those facilities employed at least 50 employees. These plant closings caused a total of 212 affected employees to lose their jobs.

31. On April 4, 2025, Defendant AmplifyBio provided a WARN Act notice to the State of Ohio as required by 29 U.S.C. § 2102(a)(2). A true and accurate copy of Defendant AmplifyBio's WARN Act notice to the State of Ohio is attached as Exhibit 1 to this Complaint. In that notice, Defendant AmplifyBio stated that its two facilities in West Jefferson, Ohio and New Albany, Ohio would be permanently closing as of April 4, 2025, and that all employees working there will be losing their jobs effective April 4, 2025. It then attached a list of affected employees sorted by job title, which added up to 212 employees.

32. Also on April 4, 2025, Defendants Battelle, Viking, Casdin, and Narya ordered Defendant AmplifyBio to send termination letters to all 212 affected employees stating (a) they were being fired effective immediately and (b) they were not receiving sixty days of advance

notice or pay-in-lieu-of-notice as required by the WARN Act. True and accurate copies of the letters received by Plaintiffs are attached to this Complaint as Exhibit 2.

33. When Defendants Battelle, Viking, Casdin, and Narya ordered Defendant AmplifyBio to file for bankruptcy, close its two facilities, and fire all remaining employees, they also decided whether Defendant AmplifyBio would give the employees WARN Act notice or pay-in-lieu-of-notice. They ordered Defendant AmplifyBio to not do so. Instead, they decided to assert a defense to the WARN Act not applicable here; namely, the "faltering company" defense. Their purpose in doing so was to limit the liabilities of Defendant AmplifyBio so that they would recoup more money, or more of their investment, in the bankruptcy process. In other words, rather than pay the employees of Defendant AmpifyBio what they were entitled to under the WARN Act and comply with the purpose of the statute, Defendants Battelle, Viking, Casdin, and Narya wanted to pocket the affected employees' wages for themselves and their own benefit.

## V. CLASS ACTION ALLEGATIONS

34. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

35. Plaintiffs bring Counts I, II, and III on behalf of themselves and as a class action under Fed. R. Bankr. P. 7023, Fed. R. Civ. P. 23(a), and Fed. R. Civ. P. 23(b)(3) seeking damages on behalf of the following class (the "Class"):

> **All employees of Defendant AmplifyBio, LLC for whom the following are true: (i) who had their employment terminated as a consequence of the company's facilities being permanently closed; and (ii) who did not receive sixty days' advance notice or pay and benefits in lieu of notice.**

36. While Plaintiffs do not know the exact number of people within the Class, there are at least fifty or more given that the total number of employees laid off. Specifically, upon

information or belief, there are at least 212 members of the class according to the WARN Act notice that Defendants provided to the State of Ohio.

37. Common questions of law and fact exist as to all members of the Class. All employees were subject to the same common decisions by Defendants: (a) to order the bankruptcy filing by Defendant AmplifyBio; (b) to order the layoff of all the employees of Defendant AmplifyBio; and (c) to decline providing WARN Act notice or pay-in-lieu-of-notice to all affected employees of Defendant AmplifyBio. As a result, common questions of law and fact exist including without limitation the following:

    a. Whether Defendants Battelle, Viking, Casdin, and Narya are "employers" of the members of the Class for purposes of the WARN Act under the "single employer doctrine." *See, e.g.*, *Fleming v. Bayou Steel Bd. of Holdings II, L.L.C.*, 83 F.4th 278, 294-299 (5th Cir. 2023) (finding genuine issues of material fact on whether a private equity firm that participated in ordering a mass layoff or plant closing at one of its portfolio companies could be held liable under the WARN Act and the single employer doctrine); *Hampton v. Navigation Capital Partners, Inc.*, 64 F.Supp.3d 622, 624-30 (D. Del. 2014) (denying a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because a private equity firm that participated in ordering a plant closing or mass layoff at its portfolio company could be held liable under the WARN Act and the single employer doctrine); *Rangel v. Cardell Cabinetry, LLC*, No. SA-13-CA-843, 2014 U.S. Dist. LEXIS 190077, at *3-13 (W.D. Tex. Jan. 17, 2014) (same); *Young v. Fortis Plastics, LLC*, No. 3:12-cv-364, 2013 U.S. Dist. LEXIS 137075, at *8-22 (N.D. Ind. Sep. 24, 2013) (same).

    b. Whether the WARN Act liability owed by Defendants constitutes "wages" for purposes of Ohio's state wage payment statutes such that Defendants are also liable

for the penalties and damages available under Ohio Revised Code Section 4113.15 and Ohio Revised Code Section 2307.60. *See, e.g.*, *Smith v. Zulily, LLC*, No. C24-1480-KKE, 2025 U.S. Dist. LEXIS 91075, at *11-15 (W.D. Wash. May 13, 2025) (WARN Act class action denying a motion to dismiss under Fed. R. Civ. P. 12(b)(6) by holding, among other things, that WARN Act liability was "wages" under Ohio's wage payment statutes and therefore the plaintiffs could assert claims under Ohio Revised Code Sections 4113.15 and 2307.60); *Kirkvold v. Dakota Pork Indus. Inc.*, No. 97-4166, 1997 U.S. Dist. LEXIS 24382, at *6 (D. S.D. Dec. 15, 1997) (WARN Act class action permitting the plaintiff to amend and add a parallel claim under South Dakota's wage payment statute because WARN Act liability was "wages") ("[D]efendants' failure to pay wages that would have been earned if the WARN Act notice obligation had been met justifies amendment of the complaint to allege a claim under § 60-11-7 [i.e., the wage payment statute].")

c. Whether Defendants Battelle, Viking, Casdin, and Narya ordered and/or Defendant AmplifyBio conducted a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2).

d. The back pay Defendants owe Plaintiffs and the members of the Class.

e. The liquidated damages Defendants owe Plaintiffs and the members of the Class.

f. The non-economic compensatory damages Defendants owe Plaintiffs and the members of the Class.

g. The punitive damages Defendants owe Plaintiffs and the members of the Class.

      h.      The attorneys' fees Defendants owe Plaintiffs and the members of the Class.

38.      The claims of Plaintiffs are typical of the claims belonging to the Class. Plaintiffs and members of the Class are all similarly affected.

39.      Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Class. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of employment and class litigation.

40.      For the claims asserted by the Class, the common questions of law and fact predominate over any individual questions. Furthermore, class action treatment is a superior method for the fair and efficient adjudication of the controversy because such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication that individual actions would cause. Finally, the benefits of proceeding through the class mechanism substantially outweigh any difficulties that may arise in the management of this class action.

## VI.    CLAIMS FOR RELIEF

### COUNT I

**Violation of the Worker Adjustment and Retraining Notification Act,
29 U.S.C. §§ 2101, et seq.
(Failure to Provide Advance Notice of a Plant Closing or Mass Layoff)**

**By Plaintiffs, on Behalf of Themselves and the Class, Against All Defendants**

41.      All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

42.      Plaintiffs and all others similarly situated were at all relevant times "affected employee[s]" within the meaning of the 29 U.S.C. § 2101(a)(5).

43. Defendants were at all relevant times "employer[s]" within the meaning of 29 U.S.C. § 2101(a)(1).

44. Plaintiffs and all others similarly situated were at all relevant times "aggrieved employee[s]" within the meaning of the 29 U.S.C. § 2104(a)(7) because they suffered an "employment loss" as a result of a "plant closing" or "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(2), 29 U.S.C. § 2101(a)(3), and 29 U.S.C. § 2101(a)(6).

45. Defendants violated 29 U.S.C. § 2102 when they failed to provide Plaintiffs and all others similarly situated sixty days' advance notice of the "plant closing" or "mass layoff" that resulted in Plaintiffs and all others similarly situated suffering an "employment loss."

46. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

47. Pursuant 29 U.S.C. § 2104(a)(6), Plaintiffs and all others similarly situated are entitled to reasonable attorneys' fees incurred in pursuing Count I.

**COUNT II**

**Violation of Ohio Revised Code Section 4113.15**
**(Failure to Tender Prompt Payment)**

**By Plaintiffs, on Behalf of Themselves and the Class, Against All Defendants**

48. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

49. Plaintiffs and all others similarly situated were at all relevant times "employee[s]" within the meaning of Ohio Revised Code Chapter 4113.

50. Defendants were at all relevant times employer(s) within the meaning of Ohio Revised Code Section 4113.15(D)(4).

51. The sixty days of wages owed under the WARN Act in lieu of sixty days' advance notice constitute "wages" under state law. Defendants therefore violated Ohio Revised Code Section 4113.15(A) when they failed to pay Plaintiffs and all others similarly situated all wages earned within the statutory period.

52. Defendants failed to make such payments within thirty days of the "regularly scheduled payday(s)" required by Ohio Revised Code Section 4113.15(B).

53. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

54. Pursuant to Ohio Revised Code Section 4113.15(B), Plaintiffs and all others similarly situated are entitled to liquidated damages in an amount equal to six percent of the unpaid compensation per payroll period or two hundred dollars per payroll period, whichever is greater.

**COUNT III**

**Violation of Ohio Revised Code Section 2307.60**
**(Civil Liability for Criminal Acts – Non-Compliance With Section 4113.15)**

**By Plaintiffs, on Behalf of Themselves and the Class, Against All Defendants**

55. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

56. Plaintiffs are "anyone" within the meaning of Ohio Revised Code Section 2307.60(A)(1).

57. Defendants engaged in a "criminal act" that "injured" Plaintiff and all others similarly situated "in person" within the meaning of Ohio Revised Code Section 2307.60(A)(1) because their conduct violated Ohio Revised Code Section 4113.15, which is a criminal misdemeanor of the first degree under Ohio Revised Code Section 4113.99(A).

58. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

59. Consistent with R.C. 2315.21, Plaintiff and all others similarly situated are entitled to punitive damages because the actions or omissions of Defendants demonstrate malice or aggravated or egregious fraud, and/or Defendants as principals or masters knowingly authorized, participated in, or ratified the actions or omissions that so demonstrate.

60. Consistent with the rule in *Columbus Finance, Inc. v. Howard*, 42 Ohio St.2d 178, 71 Ohio App.2d 174, 327 N.E.2d 654 (1975), and because Plaintiff and all others similarly situated are entitled to punitive damages, Plaintiff and all others similarly situated are entitled to reasonable attorneys' fees incurred in pursuing Count III.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor and in favor of the members of the Class on all claims in this Complaint and request the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

C. All costs and expenses incurred in pursuing the claims against Defendants;

D. Pre- and post-judgment interest; and

E. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VIII.  JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 200
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

John C. Camillus (Ohio Bar No. 0077435)
LAW OFFICES OF JOHN C. CAMILLUS, LLC
P.O. Box 141410
Columbus, Ohio 43214
Telephone: (614) 992-1000
Facsimile: (614) 559-6731
jcamillus@camilluslaw.com

*Attorneys for Plaintiffs Tessa Baker, Elizabeth Perry, and the Putative Class*