**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: AMPLIFYBIO, LLC** | : | |
| | : | |
| Debtor, | : | |
| | : | **CASE NO. 2:25-bk-52140** |
| **TESSA BAKER**, | : | |
| | : | **JUDGE MINA NAMI KHORRAMI** |
| Plaintiffs, | : | |
| | : | **CHAPTER 11** |
| vs. | : | |
| | : | **ADV. PRO. NO. 2:25-ap-02026** |
| **AMPLIFYBIO**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS VIKING GLOBAL INVESTORS LIMITED PARTNERSHIP, CASDIN CAPITAL PARTNERS, LLC AND NARYA CAPITAL MANAGEMENT, LLC's JOINT MOTION TO WITHDRAW THE REFERENCE TO BANKRUPTCY COURT

Defendants Viking Global Investors Limited Partnership, Casdin Capital Partners, LLC, and Narya Capital Management, LLC (collectively, "Defendants") hereby jointly move pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011 for an order withdrawing the reference of the above-captioned adversary proceeding (the "Adversary Proceeding") from the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court").

Respectfully submitted,

*/s/Marc J. Kessler* .
Marc J. Kessler  (0059236)
Janica Pierce Tucker  (0075074)
Abigail M. Thederahn  (0100242)
**TAFT STETTINIUS & HOLLISTER LLP**
41 S. High St., Ste. 1800
Columbus, Ohio  43215
Tel:    (614) 220-0237
Fax:    (614) 221-2007
Email: mkessler@taftlaw.com
           jpierce@taftlaw.com
           athederahn@taftlaw.com

*Counsel for Defendants Viking Global Investors
Limited Partnership, Casdin Capital Partners,
LLC and Narya Capital Management, LLC*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
## VIKING GLOBAL INVESTORS LIMITED PARTNERSHIP, CASDIN CAPITAL
## PARTNERS, LLC, AND NARYA CAPITAL MANAGEMENT, LLC JOINT MOTION
## TO WITHDRAW THE REFERENCE TO BANKRUPTCY COURT

## I.    INTRODUCTION

Defendants Viking Global Investors Limited Partnership ("Viking"), Casdin Capital Partners, LLC ("Casdin"), and Narya Capital Management, LLC ("Narya") (collectively, the "Investor Defendants") respectfully move the United States District Court for the Southern District of Ohio (the "District Court") for an order withdrawing reference of the above-captioned adversary proceeding (the "Adversary Proceeding") from the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court").  As explained below, withdrawal is mandatory because resolving the claims in Plaintiffs' Complaint will require substantial and material consideration of a federal statute outside the Bankruptcy Code—specifically, the Worker Adjustment and Retraining Notification Act (the "WARN Act").  Even if the Court determines that mandatory withdrawal is not required, the District Court should still grant this motion because good cause exists.  The Adversary Proceeding involves non-core bankruptcy issues, and withdrawing the reference will promote judicial efficiency by avoiding duplicative de novo review of the Bankruptcy Court's findings and relieving the Bankruptcy Court from presiding over a class action that is unrelated to bankruptcy law.  Moreover, other than AmplifyBio, LLC ("AmplifyBio"), the other defendants in this Adversary Proceeding are non-debtors.  Indeed, the only reason this Adversary Proceeding was filed in Bankruptcy Court is because AmplifyBio has

2

petitioned for bankruptcy.  Because this Adversary Proceeding is only tenuously connected to the Bankruptcy Court, good cause for withdrawal exists.

## II.    <u>PROCEDURAL HISTORY</u>

This Adversary Proceeding commenced on May 28, 2025, when Plaintiffs Tessa Baker and Elizabeth Perry (collectively, "Plaintiffs") filed a Class Action Complaint against Defendants AmplifyBio, LLC (the "Debtor"), Battelle Memorial Institute ("Battelle"), Viking, Casdin and Narya (Viking, Casdin and Narya are collectively referenced as the "Investor Defendants" for purposes of this Motion). (Class Action Complaint in an Adversary Proceeding ("Compl."), ECF No. 1.)  Plaintiffs, on behalf of themselves and other allegedly similarly situated former employees of the Debtor, allege that Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act"), when the Debtor ceased operations and terminated all employees on or about April 4, 2025. (Compl. ¶¶ 41–47.)  Plaintiffs also assert claims under Ohio's Prompt Pay Act, Ohio Rev. Code § 4113.15, and Ohio Rev. Code § 2307.60, which provides for civil liability for criminal acts.  Plaintiffs allege that Defendants failed to pay WARN Act penalties within the time limits prescribed by Ohio law for the payment of earned wages. (Compl. ¶¶ 48–60.)

On June 18, 2025, Plaintiffs and Defendants Viking and Casdin stipulated to extend the deadline for Viking and Casdin to respond to the Complaint to July 28, 2025. (ECF No. 14.)  Similarly, on June 26, 2025, Plaintiffs and Defendant Narya stipulated to extend Narya's response deadline to July 28, 2025. (ECF No. 16.)  Both stipulations expressly reserved the Investor Defendants' rights to object to the Bankruptcy Court's jurisdiction and do not consent to the Bankruptcy Court entering a final judgment in this Adversary Proceeding. (ECF Nos. 14 and 16.)

3

## III.   <u>LAW AND ARGUMENT</u>

### A.   **Legal Standard**

The District Court should withdraw the reference of this adversary proceeding from the Bankruptcy Court.  The Bankruptcy Rules provide that a motion for withdrawal of a case shall be heard by a district court judge.  Bankr.R. 5011(a).  Although the District Court's General Order 05-02 directs all cases arising under the Bankruptcy Act and Title 11 of the United States Code to the Bankruptcy Court, the District Court retains "original and exclusive jurisdiction of all cases under title 11."  28 U.S.C. § 1334(a).  District courts "shall, on timely motion of a party…withdraw a proceeding [from a bankruptcy court] if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  Even if mandatory withdrawal does not apply, district courts may withdraw "in whole or in part, any case or proceeding" referred to a bankruptcy court "for cause shown."  28 U.S.C. § 157(d).

Courts routinely consider the following factors when determining whether to withdraw the reference for cause: (1) whether the matter is core or non-core; (2) whether the right to a jury trial exists; (3) judicial economy; (4) promoting uniformity in bankruptcy administration; (5) reducing forum-shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process.  *See Sergent v. McKinney,* 472 B.R. 387, 405 (Bankr. E.D. Ky. 2012) (Thapar, J.) (collecting cases).

### B.   **Mandatory Withdrawal Is Required Because Resolution of the Adversary Proceeding Necessitates Substantial and Material Consideration of Non-Bankruptcy Federal Law.**

Withdrawal of the reference to the Bankruptcy Court is mandatory under 28 U.S.C. § 157(d) because resolution of this Adversary Proceeding requires substantial and material consideration of a federal statute outside the Bankruptcy Code—specifically, the Worker

Adjustment and Retraining Notification Act ("WARN Act"), which regulates organizations and activities affecting interstate commerce. Mandatory withdrawal is required under 28 U.S.C. § 157(d) where: (1) the movant is a party to the adversary proceeding; (2) the motion is timely; and (3) the resolution of the proceeding requires consideration of both Title 11 of the United States Code and another federal law regulating organizations or activities affecting interstate commerce. *Duggan v. Sweet (In re Wyman)*, No. 19-11756, 2019 U.S. Dist. LEXIS 142663, at *7-8 (E.D. Mich. Aug. 22, 2019). The first element is easily satisfied as it is undisputed that the Investor Defendants are co-defendants in the Adversary Proceeding. (*See generally* Compl.)

The second element is also satisfied in favor of withdrawing the reference. 28 U.S.C. § 157(d) does not define timeliness for purposes of a mandatory withdrawal analysis, but Sixth Circuit courts have reasoned that an action is considered "timely" when it is done "at the first reasonable opportunity" and "without undue delay," taking into account the context of the specific situation. *Duggan v. Sweet (In re Wyman)*, No. , 2019 U.S. Dist. LEXIS 142663, at *8-9 (E.D. Mich. Aug. 22, 2019) (internal quotation marks omitted) (quoting *In re Baldwin-United Corporation*, 57 B.R. 751, 753 (S.D. Ohio 1985)). Where a movant moves for withdrawal of the reference to bankruptcy court within a few months of the adversary proceeding being filed, Sixth Circuit courts generally find that the motion is timely. *See, e.g.*, *id.* (holding that motion was timely where adversary proceeding commenced on March 18, 2019 and motion for withdrawal was filed on June 13, 2019).

Here, the Investor Defendants' Motion to withdraw the reference to the Bankruptcy Court is timely because it was filed within two (2) months of the filing of the Adversary Proceeding. The Investor Defendants filed their motion at the first reasonable opportunity and without undue

5

delay, taking into consideration the time needed for the Investor Defendants to research and prepare this motion.

Finally, the third element is satisfied because resolution of this Adversary Proceeding requires consideration of both Title 11 of the United States Code and another federal law regulating organizations or activities affecting interstate commerce. The Sixth Circuit Court of Appeals has not decided whether 28 U.S.C. § 157(d) requires mere consideration or substantial and material consideration of non-Bankruptcy Code statutes, and district courts within the Sixth Circuit are split as to the appropriate test. *Chao v. Holman (In re Holman)*, 325 B.R. 569, 572 (E.D. Ky. 2005). Indeed, some district courts, including the Southern District of Ohio, have held that mandatory withdrawal is required only if resolution of an adversary proceeding requires "substantial and material" consideration of non-Bankruptcy Code statutes, which is undeniably the case here. *See id.* at 572-73 (collecting cases); *Federated Dep't Stores v. U.S. EPA (In re Federated Dep't Stores)*, 189 B.R. 142, 144 (S.D. Ohio 1995). Other courts within the Sixth Circuit have held that where resolution of an adversary proceeding requires any consideration of non-Bankruptcy Code statutes, withdrawal is required under the plain language of 28 U.S.C. § 157(d). *See Chao* at 573 (collecting cases).

Regardless of whether the "substantial and material" or narrow approach applies, the reference to the Bankruptcy Court must be withdrawn. Plaintiffs, purporting to bring a class action claim on behalf of themselves and other similarly-situated employees, allege that Defendants violated the WARN Act by terminating all of its employees. Resolution of Plaintiffs' claims will require material and substantial consideration of the WARN Act, a non-Bankruptcy Code federal statute, including, but not limited to, resolution of the following issues:

1. Whether the Defendants are "employers" under the WARN Act's "single employer" doctrine;

6

173927417

2. Whether Battelle and the Investor Defendants issued and/or conducted a "plant closing" within the meaning of the WARN Act;

3. Whether the WARN Act's "faltering company" defense applies; and

4. If liability exists, which it does not, whether Plaintiffs are entitled to damages under the WARN Act.

These issues demand substantial interpretation of the WARN Act, which regulates employment practices affecting interstate commerce.  Plaintiffs' additional claims under Ohio law also depend on the WARN Act analysis, further reinforcing that the Bankruptcy Code is not central to resolving this dispute.

At bottom, if not for the Debtor's bankruptcy filing, this case would have been brought in District Court, not Bankruptcy Court.  The Bankruptcy Code has no bearing whatsoever on the substantive claims at issue.  Accordingly, mandatory withdrawal under § 157(d) is appropriate.

**C.     The District Court should withdraw the reference because the Investor Defendants have demonstrated that good cause for withdrawal exists.**

Even if the Court somehow finds that mandatory withdrawal is not required, good cause exists to withdraw this Adversary Proceeding from the Bankruptcy Court.  Under 28 U.S.C. § 157(d) a district court may withdraw "in whole or in part, any case or proceeding" referred to a bankruptcy court "for cause shown."  Although the Bankruptcy Code does not define "cause," courts routinely consider the following factors when determining whether to withdraw the reference: (1) whether the matter is core or non-core; (2) whether the right to a jury trial exists; (3) judicial economy; (4) promoting uniformity in bankruptcy administration; (5)  reducing forum-shopping and confusion; (6) conserving the creditor's and debtor's resources; and (7) expediting the bankruptcy process.  *See Sergent v. McKinney*, 472 B.R. 387, 405 (Bankr. E.D. Ky. 2012) (Thapar, J.) (collecting cases).  These factors weigh in favor of withdrawal.

1.    *This Adversary Proceeding involves non-core bankruptcy claims.*

This Adversary Proceeding is non-core, which strongly supports withdrawal.  Bankruptcy courts have limited authority in non-core matters.  While Congress gave bankruptcy courts the power to "hear and determine" and "enter appropriate orders and judgments" in core proceedings, it only gave bankruptcy courts the authority to "submit proposed findings of fact and conclusions of law" to the district court in non-core proceedings, unless all parties consent to the bankruptcy court entering judgment.  *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71 (2015).

As this Court knows, a "core" proceeding is "one that either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy."  *Teter v. Baumgart*, 90 F.4th 493, 497 (6th Cir. 2024) (internal quotation marks omitted) (quoting *In re Bavelis*, 773 F.3d 138, 156 (6th Cir. 2014)).  Congress has provided a non-exhaustive list of examples of core proceedings in 28 U.S.C. § 157(b)(2).  *Id.*  In contrast, "non-core" proceedings are those that: (1) are not identified in 28 U.S.C. § 157(b)(2); (2) existed before the filing of the bankruptcy case; (3) would exist independently of the Bankruptcy Code; *or* (4) are not significantly affected by the filing of a bankruptcy petition.  *Id.*

This Adversary Proceeding is a non-core proceeding for at least two reasons: First, the claims arose before the bankruptcy filing.  Plaintiffs allege that the Debtor terminated all employees on or about April 4, 2025.  (Compl. ¶ 3.)  The Debtor did not file for bankruptcy until May 16, 2025. (Compl. ¶ 7.)  Second, the claims are based entirely on non-bankruptcy law—specifically, the WARN Act and Ohio statutes governing prompt payment and civil liability for purported criminal acts. (Compl. ¶¶ 41–60.)  Because these claims neither arise under the Bankruptcy Code nor depend on its provisions, they are, by definition, non-core.  This factor weighs heavily in favor of withdrawing the reference.  *See Sergent*, 472 B.R. at 395–96.

2.      *Withdrawing the reference promotes judicial economy.*

The District Court should withdraw the reference to promote judicial economy.  In fact, the District Court has noted that "the most important factor to consider" when withdrawing the reference "is judicial economy."  *In re Elder-Beerman Stores Corp.,* Nos. 95–33643, C–3–96– 378, C–3–97–299, 97–3189, 1997 WL 1774875, *2 (S.D. Ohio Aug. 1, 1997) (granting motion to withdraw the reference).  When a party litigates "essentially the same core of transactional facts" in bankruptcy and non-bankruptcy forums, "it has generally been found to constitute cause for discretionary withdrawal."  *In re Sevko, Inc.,* 143 B.R. 114, 117 (N.D. Ill. 1992) (collecting cases). Withdrawing the reference now would certainly promote judicial economy.

Bankruptcy courts may enter final judgment in non-core proceedings only with the consent of all parties.  *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670–71 (2015).  The Investor Defendants have not consented—and will not consent—to the Bankruptcy Court entering judgment in this Adversary Proceeding.  As a result, the Bankruptcy Court's authority is limited to issuing proposed findings of fact and conclusions of law, which the District Court must review *de novo*.  *Id.*

In practical terms, this means that unless and until the District Court withdraws the reference, there will be two layers of review: the Bankruptcy Court will issue an initial decision on any dispositive motion, and the District Court will then review that decision from scratch, giving it no deference.  Withdrawing the reference now eliminates this duplicative process and conserves judicial resources.  By withdrawing the reference at this early stage, the District Court can eliminate the duplicative first layer of review and, in doing so, conserve judicial resources. *See, e.g.*, *Messinger v. Chubb Grp. of Ins. Cos.*, No. 1:06-MC-00121, 2007 U.S. Dist. LEXIS 35842, at *7 (N.D. Ohio May 16, 2007) (granting a motion to withdraw the reference because "there would be no particular economy to these parties from going forward in this adversarial

173927417

proceeding" involving non-core claims); *In re Mountain View Coach Line, Inc.*, Adv. No. 88-5438A, 1989 U.S. Dist. LEXIS 12698, at *5 (S.D.N.Y. Oct. 27, 1989) ("The Court believes that considerations of judicial economy warrant the withdrawal of the reference of this non-core action from the bankruptcy court.").

       3.     *Withdrawing the reference will further obviate the need for the Bankruptcy Court to decide issues concerning the WARN Act, interpreting Ohio law and presiding over a class action lawsuit.*

Withdrawing the reference further promotes judicial economy by allowing the District Court, which is more experienced in the types of issues raised in this Adversary Proceeding, to preside over the case from the outset. The claims at issue require interpretation of the WARN Act, interpreting Ohio state law, and class certification in this class action lawsuit.

While the Investor Defendants do not question the Bankruptcy Court's competence, these issues fall outside its specialized jurisdiction. As courts have recognized, when a proceeding involves legal questions unrelated to bankruptcy—such as employment law, state wage statutes, and class action procedures—judicial economy is best served by having the District Court handle the matter directly. *See, e.g., Messinger v. Chubb Grp. of Ins. Cos.*, 2007 U.S. Dist. LEXIS 35842, at *6–7 (N.D. Ohio May 16, 2007) ("While these issues certainly are not outside the scope of what a bankruptcy court can do, they equally are not within the specialized grant of jurisdiction to the bankruptcy court, and that distinction guides this Court to favor withdrawal.").

Moreover, if the reference to Bankruptcy Court is not withdrawn, the court will also need to decide whether class certification is appropriate and, if so, preside over a class action lawsuit. This process will raise complex procedural issues under Civ.R. 23 which the District Court is far more equipped to address. Allowing the District Court, which has much greater familiarity with the substantive and procedural issues raised in Plaintiffs' Complaint, to preside over this case, promotes judicial economy.

*4.      Withdrawing the reference does not create a risk of forum shopping.*

There is no risk of forum shopping in withdrawing the reference at this stage of the proceedings.  Because this is a non-core proceeding, the District Court is already required to conduct a *de novo* review of any proposed findings of fact and conclusions of law issued by the Bankruptcy Court.  As such, withdrawal does not provide any strategic advantage to the Defendants or otherwise reward forum shopping.

Courts have recognized this principle in similar contexts.  *See, e.g., Messinger v. Chubb Grp. of Ins. Cos.*, 2007 U.S. Dist. LEXIS 35842, at *7–8 (N.D. Ohio May 16, 2007)* ("[S]ince this issue involves a non-core proceeding, the District Court would be required to review the report and recommendation of the Bankruptcy Court de novo.  Forum shopping simply is not an issue in this case.").

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, the District Court should withdraw the reference of this Adversary Proceeding to the Bankruptcy Court.  Mandatory withdrawal is warranted because resolution of Plaintiffs' claims will require material and substantial consideration of a non-Bankruptcy Code federal statute—the WARN Act.  Even if the Court determines that mandatory withdrawal is not required, permissive withdrawal is appropriate because good cause exists.

This Adversary Proceeding involves non-core claims that arose prior to the bankruptcy filing and are based entirely on federal and state laws unrelated to the Bankruptcy Code.  The Investor Defendants have not consented to the Bankruptcy Court's entry of final judgment, and thus any dispositive rulings would require duplicative de novo review by the District Court.  Withdrawing the reference now will promote judicial economy, avoid unnecessary duplication of effort, and ensure that the case is handled by a court with greater familiarity with the substantive

173927417

legal issues and class action procedures at stake.  Moreover, withdrawal poses no risk of forum

shopping as the District Court must ultimately review the Bankruptcy Court's findings regardless.

Accordingly, the Investor Defendants respectfully request that the Court grant their motion

and withdraw the reference of this Adversary Proceeding to the Bankruptcy Court.

Respectfully submitted,

*/s/Marc J. Kessler*                                                     .
Marc J. Kessler  (0059236)
Janica Pierce Tucker  (0075074)
Abigail M. Thederahn  (0100242)
**TAFT STETTINIUS & HOLLISTER LLP**
41 S. High St., Ste. 1800
Columbus, Ohio  43215
Tel:    (614) 220-0237
Fax:    (614) 221-2007
Email: mkessler@taftlaw.com
           jpierce@taftlaw.com
           athederahn@taftlaw.com

*Counsel for Defendants Viking Global Investors*
*Limited Partnership, Casdin Capital Partners,*
*LLC and Narya Capital Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants Viking Global Investors Limited

Partnership, Casdin Capital Partners, LLC and Narya Capital Management, LLC's Joint Motion

to Withdraw the Reference to Bankruptcy Court was served electronically on the date of filing

through the court's ECF System on all ECF participants registered in this case at the email address

registered with the Court.

*/s/Marc J. Kessler*                          
Marc J. Kessler

173927417